# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE HOLLOWAY, CDCR# V-04793,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN MARSHALL, Warden; BONNIE DUMANIS; PUBLIC DEFENDERS OFFICE; COUNTY OF SAN DIEGO,<br><br>Defendants. | Civil No.   07-1696 WQH (WMc)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM INMATES'S TRUST ACCOUNT; and**<br><br>**(2)  DISMISSING ACTION WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONETARY DAMAGES AGAINST DEFENDANTS WHO ARE IMMUNE PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)** |

Plaintiff, a state inmate currently incarcerated at California Men's Colony located in San Luis Obispo, California, proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims that his due process rights were violated in 1993 when Plaintiff was excluded from the courtroom during the "readback of an adverse witness testimony" during his state criminal proceeding. (Compl. at 3.)

////

////

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4].

**I.     Motion to Proceed IFP [Doc. No. 4]**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if that party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement indicates that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 4] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.    Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

Notwithstanding payment of any filing fee or portion thereof, the Prison Litigation Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers or employees of governmental entities and dismiss those or any portion of those found frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief

from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to FED. R. CIV. P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The district court should grant leave to amend, however, unless it determines that "the pleading could not possibly be cured by the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while liberal construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986);

*Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

First, Plaintiff names as a Defendant, the Public Defenders Office for the County of San Diego. To the extent that Plaintiff is seeking to file a § 1983 action against the Public Defender who was appointed to represent him in his criminal action, his claim must be dismissed. A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Attorneys appointed to represent a criminal defendant during trial, do not generally act under color of state law because representing a client "is essentially a private function ... for which state office and authority are not needed." *Polk County*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992). Thus, when publicly appointed counsel are performing as advocates, *i.e.*, meeting with clients, investigating possible defenses, presenting evidence at trial and arguing to the jury, they do not act under color of state law for section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County*, 454 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as he performs a traditional role of an attorney for a client, "his function," no matter how ineffective, is "to represent his client, not the interests of the state or county.").

Accordingly, Plaintiff's claims against the Public Defenders Office must be dismissed for failing to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) & 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

Moreover, to the extent Plaintiff seeks damages under 42 U.S.C. § 1983 based on the alleged ineffectiveness assistance of his trial counsel, his claim amounts to an attack on the validity of his underlying criminal proceedings, and as such, is not cognizable under 42 U.S.C. § 1983 unless and until he can show that conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state

remedies has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at 489), *cert. denied*, 124 S. Ct. 2388 (2004).   *Heck*   holds  that  "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. A claim challenging the legality of a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

In *Heck*, the Supreme Court held that:

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider *whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487 (emphasis added). An action that is barred by *Heck* should be dismissed for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds in invalidating his conviction. *Edwards*, 520 U.S. at 649.

Here, Plaintiff's ineffective assistance of counsel claims against his criminal defense appointed counsel "necessarily imply the invalidity" of his criminal proceedings and continuing incarceration. *Heck*, 512 U.S. at 487. Were Plaintiff to succeed in showing that the Deputy Public Defender appointed to represent him rendered ineffective assistance of counsel, an award of damages would "necessarily imply the invalidity" of his conviction. *Id.*; *see also Strickland v. Washington*, 466 U.S. 668, 688 (1984) (to succeed on ineffective assistance claim petitioner must show that counsel's performance fell below objective standard of reasonableness and that but for counsel's errors the result of the trial would have been different); *Lozada v. Deeds*, 964 F.2d 956, 958-59 (9th Cir. 1992) (remedy for ineffective assistance of counsel is a conditional writ granting petitioner's release unless state retries him or allows him to pursue an appeal with

1  the assistance of counsel within a reasonable time).  Thus, because Plaintiff seeks damages for
2  an allegedly unconstitutional criminal proceedings in a San Diego Superior Court criminal case,
3  and because he has not alleged that his conviction has already been invalidated, a section 1983
4  claim for damages has not yet accrued.  *See Heck*, 512 U.S. at 489-90.

5  However, even if Plaintiff could show that the criminal convictions upon which his claims
6  are based have already been terminated in his favor, his Complaint still must be dismissed
7  pursuant to 28 U.S.C. § 1915(e)(2) to the extent it seeks monetary damages against District
8  Attorney Bonnie Dumanis.  Criminal prosecutors are absolutely immune from civil damages
9  suits premised upon acts committed within the scope of their official duties which are
10 "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424
11 U.S. 409, 430 (1976); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v.*
12 *Reed*, 500 U.S. 478, 487-93 (1991).  A prosecutor is immune even when the prosecutor's
13 malicious or dishonest action deprived the defendant of his or her liberty.  *Ashelman v. Pope*,
14 793 F.2d 1072, 1075 (9th Cir. 1986).

15 Thus, Plaintiff's claims against Defendant Dumanis are dismissed pursuant to 28 U.S.C.
16 § 1915(e)(2)(B)(iii) for seeking monetary relief against a defendant who is immune from such
17 relief.

18 Finally, it appears from the face of Plaintiff's Complaint that his claims are barred by the
19 applicable statute of limitations.  All of Plaintiff's factual allegations appear to arise from events
20 that occurred during his criminal trial in 1993.  (*See* Compl. at 3-4.)  While Congress has
21 provided no federal statute of limitations governing section 1983 claims, the Supreme Court has
22 held that federal courts should use the forum state's single most appropriate statute of limitations
23 applicable to personal injury actions for all section 1983 claims.  *See Wilson v. Garcia*, 471 U.S.
24 261, 269 (1985).  Relying on *Wilson*, the Ninth Circuit has found that the one-year statute of
25 limitations of California Code of Civil Procedure § 340(3)[1] is the most appropriate.  *Usher v.*

---

[1] California Code of Civil Procedure § 340(3) provides a one-year statute of limitations on any civil action for "[l]ibel, slander, assault, battery, false imprisonment, seduction, injury or death from wrongful act or neglect . . . ."  CAL. CIV. PROC. CODE § 340(3).  On January 1, 2003, this code section was replaced with § 335.1 which now provides for a two-year statute of limitations for these actions.  However, the longer period found in § 335.1 is inapplicable to Plaintiff's action.  *See Maldonado v.*

1  *City of Los Angeles*, 828 F.2d 556, 558 (9th Cir. 1987); *Trimble v. City of Santa Rosa*, 49 F.3d
2  583, 585 (9th Cir. 1995) (per curiam). Federal law, however, determines when a section 1983
3  cause of action accrues. *Hardin v. Staub*, 490 U.S. 536, 543-44 (1989). Under federal law, a
4  claim generally accrues when the plaintiff "knows or has reason to know of the injury which
5  is the basis of the action." *Elliot v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1996)
6  (internal citations omitted).

7  Plaintiff alleges that his constitutional rights were violated during his state criminal trial
8  in 1993. (*See* Compl. at 3-4.)  Thus, at the latest, Plaintiff's claims arose in 1993. However,
9  Plaintiff filed this action on August 27, 2007, over fourteen years after he claims that Defendants
10 violated his constitutional rights.

11 Plaintiff does not allege any facts to suggest how or why California's one-year statute
12 of limitations might be tolled for a period of time which would make his claims timely. *See*,
13 *e.g.*, CAL. CODE CIV. P. § 352.1 (tolling statute of limitations "for a maximum of 2 years" during
14 a prisoner's incarceration); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (finding that CAL.
15 CODE CIV. P. § 352.1 tolls a California prisoner's personal injury claims accruing before January
16 1, 1995 for two years, or until January 1, 1995, whichever occurs later, unless application of the
17 statute would result in a "manifest injustice."). Due to Plaintiff's incarceration, pursuant to *Fink*,
18 Plaintiff's claims against Defendants, accruing in 1993, would be tolled for two years.
19 California's one-year statute of limitations would then begin to run -- requiring Plaintiff to file
20 this action against these Defendants no later than sometime in 1996. However, Plaintiff's
21 Complaint was not filed until August 27, 2007.

22 Generally, federal courts also apply the forum state's law regarding equitable tolling.
23 *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). Under
24 California law, however, a plaintiff must meet three conditions to equitably toll a statute of
25 limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product
26 of forces beyond his control; and (3) the defendants must not be prejudiced by the application

---

28 *Harris*, 370 F.3d 945, 955 (9th Cir. 2004) (holding that under California law, an extension of a statute of limitations will not apply to claims already barred under the prior statute of limitations unless the Legislature explicitly provides for such an extension).

1 of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328,
2 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978);
3 *Fink*, 192 F.3d at 916. Here, however, Plaintiff has failed to plead any facts which, if proved,
4 would support the equitable tolling of his claims. *See Cervantes v. City of San Diego*, 5 F.3d
5 1273, 1277 (9th Cir. 1993).

6 Accordingly, the Court finds that Plaintiff's Complaint must be **DISMISSED** for failing
7 to state a claim upon which relief can be granted and for seeking monetary damages against
8 immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Because it does not appear
9 "at all possible that the plaintiff can correct the defect(s)" of his pleading, further leave to amend
10 is **DENIED** as futile. *See Lopez*, 203 F.3d at 1130-31; *Cahill*, 80 F.3d at 339.

11 **III.   Conclusion and Order**

12 Good cause appearing, **IT IS HEREBY ORDERED**:

13 1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4] is
14 **GRANTED**.

15 2. The Secretary of California Department of Corrections and Rehabilitation, or his
16 designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee
17 owed in this case by collecting monthly payments from the account in an amount equal to twenty
18 percent (20%) of the preceding month's income and forward payments to the Clerk of the Court
19 each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).
20 ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER
21 ASSIGNED TO THIS ACTION.

22 3. The Clerk of the Court is directed to serve a copy of this Order on James Tilton,
23 Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,
24 Sacramento, California 95814.

25 ////
26 ////
27 ////
28 ////

1     **IT IS FURTHER ORDERED** that:

2     4.    Plaintiff's Complaint is **DISMISSED,** without further leave to amend, for failing to state a claim and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is further notified that this dismissal may later be counted as a "strike" against him pursuant to 28 U.S.C. § 1915(g).[2]

    The Clerk shall close the file.

    **IT IS SO ORDERED.**

DATED: December 11, 2007

    **WILLIAM Q. HAYES**
    United States District Judge

---

[2] 28 U.S.C. § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal ... under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) ("Pursuant to § 1915(g), a prisoner with three strikes," *i.e.*, prior federal cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on grounds that they were frivolous, malicious, or failed to state a claim, "cannot proceed *IFP*.").